UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CORDERRO R. BRITTEN,**

    **Plaintiff,**

vs.                         **CASE NO. 4:24-cv-00131-MW-MAF**

**SGT. SPREAKER,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Corderro R. Britten, a prisoner proceeding *pro se* and *in forma pauperis* initiated this civil rights case pursuant to 42 U.S.C. § 1983 and filed an amended complaint. ECF No. 10. Plaintiff, as a *pro se* filer, is entitled to liberal construction. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Plaintiff sued Defendant Spreaker alleging constitutional violations for events that occurred during his incarceration at Franklin Correctional Institution (C.I.). Plaintiff is currently housed at Reception & Medical Center Lake Butler, Florida.

The Court screened the amended complaint as required. See 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A. For the reasons stated below, the Undersigned recommends that this matter **PROCEED**, in part,

against Defendant Spreaker, solely in his individual capacity. The official capacity claims and injunctive relief claims should be **DISMISSED**.

## I. Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds by Iqbal, 556 U.S. 662).

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

(2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'. . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II. Plaintiff's Amended Complaint, ECF No. 10

Plaintiff sued one defendant, Sgt. Spreaker, a prison guard at Franklin C.I., in his individual- and official capacities, alleging failure to protect and deliberate indifference in violation of the Eighth Amendment. ECF No. 10, p. 2. Plaintiff was assigned to a cell within the confinement unit with Inmate Cofield as his cellmate. Id., p. 5. Plaintiff alleges that, in the shared cell, on May 31, 2023, between 4:00 p.m. and 6:00 p.m., Cofield threatened to kill Plaintiff and tried to "grab and hurt" him. Id. Plaintiff began

yelling and screaming for help and hid under his bunk. Id. Sgt. Spreaker came to the cell and, *while still under the bunk*, Plaintiff explained to Spreaker what was happening -- that Cofield would attack and kill him if he came out from under the bunk. Id. Plaintiff asked Spreaker to cuff Cofield and remove him from the cell, but Spreaker walked off leaving Plaintiff under the bunk. Id., pp. 5-6. According to Plaintiff, within seconds or minutes, Cofield went after Plaintiff and kicked and choked him. Id. Plaintiff could not open his eyes but continued screaming for help. Id., p. 6.

Captain Kormaken came down to Plaintiff's cell saying, "Who is that screaming?" Id. Upon arrival, the Captain cuffed Cofield and pulled Plaintiff from under the bunk. Id. Spreaker walked Plaintiff to medical and said, "Dam[n] Britt, I thought you was playing like they all do[.] I thought you was crying wolf." Id. Plaintiff was transported to "TMH," was in surgery for four hours, and spent three days in the "ICU." Id. Eventually, Plaintiff had to have his left eye removed. Id.

As relief, Plaintiff seeks $1,500,000 for actual damages, pain and suffering, mental and emotional damages, medical treatment, punitive damages, court costs, and attorney fees. Id., p. 7.

## III. Discussion

A. <u>Failure to Protect Claims</u>

As stated above, Plaintiff reported to Spreaker the threats he faced from Cofield. More importantly, Plaintiff asked for immediate protection while screaming from under the bunk. Right after Spreaker walked away, Cofield attacked Plaintiff causing severe injuries.

"The Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of the inmates." <u>Caldwell v. Warden, FCI Talladega</u>, 748 F.3d 1090, 1099 (11th Cir. 2014) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (alterations and internal marks omitted)). "Having incarcerated 'persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." <u>Farmer</u>, 511 U.S. at 833 (citation omitted). Thus, it has long been recognized that "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." <u>Id.</u> (internal marks and alteration omitted). Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." <u>Id.</u> at 834; see

also Purcell v. Toombs Cty., 400 F.3d 1313, 1321 (11th Cir. 2005) ("[A] prison custodian is not the guarantor of a prisoner's safety.") (internal marks omitted).

A prison official violates the Eighth Amendment "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (internal marks omitted) (alterations adopted); see also Farmer, 511 U.S. at 828 ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). Accordingly, to survive statutory screening on a failure to protect claim, a plaintiff must allege facts which demonstrate (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk; and (3) a causal connection between the defendant's conduct and the Eighth Amendment violation. See Brooks v. Warden, 800 F.3d 1295, 1301 (11th Cir. 2015).

As to the second factor, deliberate indifference, "the defendant-official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists—and the prison official must also draw that inference." Johnston v. Crosby, 135 F. App'x 375, 377 (11th Cir. 2005). In other words, prison officials must possess enough details

about a threat to enable them to conclude that the threat presents a "strong likelihood" of injury, not a "mere possibility." See, e.g., Brooks v. Warden, 800 F.3d 1295, 1301 (11th Cir. 2015); Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). "The unfortunate reality is that 'threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm.'" Marbury v. Warden, 936 F.3d 1227, 1236 (11th Cir. 2019) (quoting Prater v. Dahm, 89 F.3d 538, 542 (8th Cir. 1996)).

Plaintiff provides sufficient facts in his complaint about the attack and his request for help from Spreaker that the failure to protect claims should survive screening and **PROCEED**. However, as explained below, the official capacity claims cannot survive.

B. Official Capacity Claims and Eleventh Amendment Immunity

Plaintiff's claims against Defendant, in his official capacity, are barred by Eleventh Amendment immunity. Florida's sovereign immunity extends to its agencies, subdivisions, or officers. See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Fitzgerald v. McDaniel, 833 F.2d 1516 (11th Cir. 1987). That "bar exists whether the relief sought is legal or equitable." Papasan v. Allain, 478 U.S. 265, 276 (1986). Naming a government official in his official capacity is the equivalent of naming the governmental entity itself.

Kentucky v. Graham, 473 U.S. 159, 169 (1985). A state official, however, may be sued in his official capacity when the suit alleges a constitutional violation by the official, acting in his official capacity and seeks only prospective injunctive relief. Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011).

The State of Florida is immune from monetary damages based upon the Eleventh Amendment. Gamble v. Fla. Dep't. of Health and Rehabilitative Serv., 779 F.2d 1509, 1512-13 (11th Cir. 1986). This is because the Eleventh Amendment of the U.S. Constitution bars suit against a state in federal court absent valid congressional override, waiver of immunity, or consent to suit. See Wusiya v. City of Miami Beach, 614 F. App'x 389, 393 (11th Cir. 2015). Section 1983 does not abrogate state sovereign immunity for damage suits; and nominal damages against state officers in their official capacities are included in this Eleventh Amendment bar. See Simmons v. Conger, 86 F.3d 1080, 1086 (11th Cir. 1996).

Here, Plaintiff is not only seeking injunctive relief; he is seeking monetary relief. Moreover, Plaintiff has not named any other Defendant who could provide the injunctive relief he seeks, namely, medical treatment. Accordingly, the official capacity claims should be **DISMISSED**.

## IV. Conclusion and Recommendation

For the reasons stated above it is respectfully **RECOMMENDED** that:

1. The failure to protect claims, in violation of the Eighth Amendment, should **PROCEED** against Defendant Spreaker, in his individual capacity.

2. The claims for actual damages, mental and emotional damages, and punitive damages should **PROCEED.**

3. The official capacity claims and injunctive relief claims should be **DISMISSED** from this case.

4. The case be remanded to the Undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 31, 2024.

                                   s/ Martin A. Fitzpatrick
                                   **MARTIN A. FITZPATRICK**
                                   **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim

Case No. 4:24-cv-00131-MW-MAF

or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).