IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CORDERRO R. BRITTEN,**
**DOC # A51441,**

    **Plaintiff,**

vs.                                              Case No. 4:24-cv-131-MW-MAF

**SERGEANT SPRECHER,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C § 1983 on March 13, 2024 by prison mailbox rule. ECF No. 1. Plaintiff is proceeding on his third amended complaint, ECF No. 32, which alleges the correctional-officer Defendant violated the Eighth Amendment by failing to protect Plaintiff from an inmate attack. On April 7, 2025, Defendant filed a motion to dismiss with exhibits. ECF No. 45; 45-1 through 45-6. Defendant's motion raises two issues: failure to exhaust administrative remedies and qualified immunity.

The Court ordered Plaintiff to file a response in opposition to Defendant's motion to dismiss. See ECF No. 46 (advising Plaintiff of his obligation to respond under the Local Rules and warning him of the

consequences for failing to respond). Plaintiff's final deadline for doing so was July 31st, after he was given multiple extensions due to transfers. See ECF Nos. 48, 52, 55. He failed to file a response. The Court then ordered him to show cause as to why he did not respond. ECF No. 57. Plaintiff requested an extension of time to respond to the Order to Show Cause, but did not seek more time to respond to the motion to dismiss. See ECF No. 58. His request was granted and the deadline for the show cause response was extended to October 2nd. ECF No. 59. The deadlines have long passed and nothing has been received from Plaintiff. No mail has been returned. Defendant's motion to dismiss is ripe for review.[1] As discussed below, because Plaintiff failed to exhaust his administrative remedies, Defendant's motion to dismiss should be granted.[2]

## I.     Allegations of the Third Amended Complaint, ECF No. 32

The following facts come from Plaintiff's third amended complaint

---

[1] The Eleventh Circuit has made clear that granting a dispositive motion based solely on a party's failure to file a response in opposition is an abuse of discretion. E.g., Giummo v. Olsen, 701 F. App'x 922, 924 (11th Cir. 2017). Therefore, the Court will review the Defendant's motion to dismiss on the merits but consider it unopposed. See Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014) ("A party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed. Also, when a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned."); Gore v. Jacobs Eng'g Grp., 706 F. App'x 981, 986 (11th Cir. 2017) (same).

[2] Since failure to exhaust is a matter of abatement that does not reach the merits, the Court will not address Defendant's second argument of qualified immunity.

("complaint"). ECF No. 32 at 5-6. The Court accepts the complaint's non-conclusory statements as true at this stage. Plaintiff is an inmate at the Florida Department of Corrections ("DOC"). On May 31, 2023, he was housed in the confinement unit at Franklin Correctional Institution. Defendant Sprecher was the correctional sergeant over the confinement unit. After Plaintiff's cellmate threatened "to kill him," Plaintiff "yell[ed] and scream[ed] for help" and "got under his bunk." Sprecher came to the door and Plaintiff explained to him that his cellmate "would attack him and will kill him if [Plaintiff] came from under the bunk." Plaintiff "pleaded" with Sprecher to "handcuff" his cellmate and "remove" Plaintiff from the danger. Sprecher walked away without taking any action. Minutes later, the cellmate brutally attacked Plaintiff. A captain came to the cell, handcuffed the cellmate, and helped Plaintiff from under the bed.

Ultimately, Sprecher took Plaintiff to the medical unit and said he thought Plaintiff "was playing" and "crying wolf." As a result of the attack, Plaintiff was in intensive care at the hospital for three days. "A few months" later, his left eye had to be surgically removed. His right eye was also injured. Plaintiff brings one Eighth Amendment claim against Sprecher in his individual capacity for failing to protect him from harm. He seeks monetary damages. ECF No. 32 at 7.

## II.   Standard of Review – Exhaustion

The Prison Litigation Reform Act (PLRA) requires a prisoner to properly "exhaust all available administrative remedies" before filing a § 1983 action or any lawsuit "about prison life." Porter v. Nussle, 534 U.S. 516, 516-517 (2002), *citing* 42 U.S.C. § 1997e(a) and Booth v. Churner, 532 U.S. 731, 736 (2001). Exhaustion is a mandatory precondition to suit and is properly raised in a Rule 12(b) motion to dismiss. Id.; Tillery v. U.S. Dep't of Homeland Sec., 402 F. App'x 421, 425 (11th Cir. 2010). "Requiring exhaustion allows prison officials an opportunity to resolve disputes…before being haled into court." Jones v. Bock, 549 U.S. 199, 204 (2007). Since it is an affirmative defense, Defendant has the burden of proof. Id. at 216. If Defendant meets his burden by showing Plaintiff failed to exhaust the available administrative remedies, dismissal is required. Wright v. Georgia Dep't of Corr., 820 F. App'x 841, 843 (11th Cir. 2020).

Proper exhaustion means a prisoner must comply with the specific prison grievance procedures, including deadlines. Woodford v. Ngo, 548 U.S. 81, 93, (2006). Florida provides a grievance system for its prisoners at DOC. The process requires three steps. See Fla. Admin. Code R. 33-103.005-007; Parzyck v. Prison Health Servs., Inc., 627 F.3d 1215, 1218 (11th Cir. 2010). A prisoner generally must: (1) file an informal grievance with

a designated prison staff member within 20 days of the incident; (2) if not resolved, file a formal grievance at the institutional level with the warden's office within 15 days from the date of the informal grievance response; and (3) if still unresolved, submit a grievance appeal to the DOC Secretary/Central Office within 15 days of the formal grievance response. Id. A grievance or grievance appeal "shall address only one issue or complaint." Fla. Admin. Code R. 33-103.007(4)(f). Failure to comply with these rules requires the grievance to be returned to the prisoner without action. Fla. Admin. Code R. 33-103.007(2)(d) & 33-103.014(1)(a), (f), (g).

The information contained in a grievance matters. "While a prisoner is not required to name each defendant in a grievance in order to properly exhaust a claim, he is required to provide as much relevant information as he reasonably can in the administrative grievance process" to put officials on notice of the issue. Williams v. Barrow, 559 F. App'x 979, 986 (11th Cir. 2014), *quoting* Jones, 549 U.S. at 219 and Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) (finding a failure to exhaust as to two defendants where grievance did not describe their conduct and was untimely) (internal marks omitted). This means "a prisoner must exhaust each claim that he seeks to present in court." Arias v. Perez, 758 F. App'x 878, 881 (11th Cir. 2019) (affirming dismissal of failure to protect claim against an officer where plaintiff

only requested transfers in his grievances and cited general danger, because claiming an officer "failed to protect him is distinct from the claim that he should be transferred"). Therefore, at a minimum, Plaintiff must have included in his grievance *some* description of the misconduct he now alleges against Defendant in the complaint.

Exhaustion is evaluated using two steps. Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the Court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If not, the court proceeds to step two and must "make specific findings in order to resolve the disputed factual issues related to exhaustion." Id. These factual disputes can be resolved by the Court because the issues are not intertwined with the merits of the underlying claim and the parties have had "sufficient opportunity to develop a record." Bryant, 530 F.3d at 1373-74, 1376; see also Perttu v. Richards, 605 U.S. 460, 479 (2025). Courts can consider evidence outside the pleadings to make factual findings as to exhaustion without converting the motion to dismiss into a motion for summary judgment. Id.; see also Bryant v. Rich, 530 F.3d 1368, 1374-76 (11th Cir. 2008).

## III. Discussion

Plaintiff's complaint includes several grievance documents across four exhibits for the purposes of showing exhaustion. ECF No. 32-1 at 3-14. Defendant's motion to dismiss includes all of Plaintiff's grievances and appeals filed between the incident date of May 31, 2023 and December 11, 2024. ECF No. 45-1 through 45-6.[3] As already discussed, Plaintiff has not provided any response or documentation disputing Defendant's evidence. The Court has reviewed and considered the exhibits from both parties. Because the documents that make up Plaintiff's exhibits are also included within Defendant's exhibits, the Court will only reference Defendant's exhibits.

Plaintiff filed the following grievances related to this case:

- Informal Grievance # 113-2306-0518, Dated May 28, 2023,[4] Response Dated June 28, 2023: Plaintiff grieves not being able to speak to the Inspector General ("IG") about "getting assaulted." Plaintiff wants "to press charges on the inmate that pulled [his] eye out" and talk "to the IG." ECF No. 45-6 at 4. The grievance was "returned until further

---

[3] Defendant's exhibit labeling is a mess. There are multiple Exhibit As, Bs, and Cs despite being different documents and many are labeled out of order, *i.e.*, A, B, C, C, A, B. E.g., *Exhibit A*, ECF No. 45-1 (Informal Grievance 6/28/23), *Exhibit A*, ECF No. 45-6 at 3, 4, 5, 6, 7 (Informal Grievance Summary and four informal grievances). Two exhibits are not labeled. *Declarations of L. Wade*, ECF Nos. 45-5 at 1-2, 45-6 at 1-2. To avoid this confusion, the Court will refer to each exhibit by its CM/ECF document and page number.

[4] Plaintiff's complaint and grievance appeal list the incident date as May 31, 2023. ECF No. 32 at 5; 45-5 at 6. Based on this, as well as the content and the received date, it appears Plaintiff meant to write June, not May.

review by OIG." Id.

- Formal Grievance # 2307-113-067, Dated July 25, 2023, Response Dated July 31, 2023: Plaintiff restates the claims made in his informal grievance. He has "not talked to the IG" and wants "to press charges on the dude who took [his] eye." ECF No. 45-6 at 10. The grievance was denied because "the subject of [the] grievance" was "being reviewed by the investigative section of the [OIG]," which was "initiated prior to the receipt of [the] grievance." Id. at 9.

- Informal Grievance # 209-2401-0182, Dated January 23, 2024, Response Dated February 1, 2024: Plaintiff says he was "attacked by [his] cellie" at Franklin CI. ECF No. 45-6 at 5. He talked to the IG at Franklin and told the IG he "wanted to press charges." Id. He wants an update from the IG about his case. Id. The grievance was returned without action as non-compliant with the rules because grievances cannot be used to "ask questions or seek information, guidance, or assistance." Id.

- Informal Grievance # 209-2401-0210, Dated January 24, 2024, Response Dated February 6, 2024: Plaintiff wants an update on the "informal grievance [he] wrote at Franklin CI June 10, 2023" where he claims he said that on May 31, 2023 he "told Sgt. Spreacher [he] want[ed] to move rooms" because his "cellie [was] scaring him." ECF No. 45-6 at 6. "Sgt. Spreacher ignored him" and then his cellmate attacked him. He has not "got the informal grievance back." Id. The grievance was returned without action because it was untimely under the grievance rules. Id.

- Grievance Appeal # 24-6-06385, Dated January 27, 2023,[5] Response Dated February 28, 2024: Plaintiff claims he submitted an informal grievance on June 10, 2023 but hasn't received a response. ECF No. 45-5 at 13. He says he has had two surgeries to his eyes and is missing his right eye. Id. He says he has "just now [had] a chance to find someone [he] trusts to help [him] request or help do [his] administrative remed[ies]." Id. He claims on "May 31, 2023" while at Franklin CI he told "the Sgt that [he] was scared of [his] bunky" and asked to be moved but the sergeant "walked off" and his bunky attacked him. Id. He reiterates his request to press charges and he seeks monetary

---

[5] Plaintiff's use of January 2023 is a clear typo, especially since the incident did not occur until May 2023. The date should be listed as January 27, 2024.

4:24-cv-131-MW-MAF

damages. Id. The appeal was returned without action as non-compliant with the rules because it addressed more than one issue. Id. at 12.

- Grievance Appeal # 24-6-05110 (Appeal of 2307-113-067), Dated January 27, 2024, Response Dated February 15, 2024: Plaintiff claims he submitted an informal grievance on June 10, 2023 but hasn't received a response. ECF No. 45-5 at 6. He again says he wants to "press charges about [his] eye" and he is "try[ing] to exhaust [his] administrative remed[ies]." Id. He claims on "May 31" he told Defendant Sprecher he "was scared of [his] bunky" but Sprecher "walked off" and his bunky attacked him. Id. The appeal was returned without action because it was untimely under the grievance rules. Id. at 5.

- Informal Grievance # 209-2402-0073, Dated February 15, 2024, Response Dated February 16, 2024: Plaintiff wants to know the last grievance" in "his file" and when it was "recorded received" because he sent one January 27, 2024 "about a battery that happen[ed] at Franklin CI and [he] has not got a form saying they received it yet." ECF No. 45-6 at 7. He says the grievance discussed telling the Franklin CI sergeant he needed to move because he was scared and the sergeant ignored him. Id. The grievance was returned without action as non-compliant with the rules because grievances cannot be used to "ask questions or seek information, guidance, or assistance." Id.

The exhibits make clear that Plaintiff did not grieve the failure to protect issue until January 2024—eight months after Plaintiff's claim arose. Plaintiff's initial grievance on June 28, 2023 failed to describe any issue with correctional officers. The only problem Plaintiff grieved is wanting to press charges against the *inmate* who attacked him. This is insufficient to put DOC on notice of staff misconduct that caused or contributed to the attack.[6] While

---

[6] Even if Plaintiff had included sufficient information to place DOC on notice of the failure to protect claim in the June 28th grievance, it would have been untimely. DOC rules require an informal grievance to be filed within 20 days of the incident. Fla. Admin. Code

4:24-cv-131-MW-MAF

Plaintiff later tries to claim in his untimely grievances and appeals that he filed a grievance regarding Defendant's conduct on June 10, 2023, the grievance logs say otherwise. See ECF No. 45-6 at 3 (listing all informal grievances); ECF No. 45-6 at 8 (listing all formal grievances); ECF No. 45-5 at 3 (listing all grievance appeals). There is no grievance of any kind from June 10, 2023. Id. There are no grievances discussing the failure to protect issue until January 2024, after the time to file a grievance for the May 2023 incident had long expired. Notably, Plaintiff's grievances concerning Defendant and the alleged "missing" June 10th grievance only begin to pour in two months before Plaintiff filed this action. See ECF No. 1.

There is no dispute of fact under step one of *Turner* because Plaintiff failed to file a response to Defendant's motion to dismiss. Even if the Court accepted as true Plaintiff's claim in his later grievances that he timely grieved the failure to protect issue on June 10, 2023, Defendant would still prevail under step two of *Turner*. This is because Defendant's exhibits—unrebutted by Plaintiff—prove that no June 10th grievance exists. Defendant has met his burden. Because Plaintiff failed to exhaust the sole claim of failure to protect, dismissal is warranted.

---

R. 33-103.005-007. A grievance regarding the May 31, 2023 incident would have been due by June 20, 2023.

## IV.     Recommendation

For the reasons discussed, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 45, be **GRANTED** and this action **DISMISSED** for failure exhaust administrative remedies.

**IN CHAMBERS** at Tallahassee, Florida on December 16, 2025.

>  s/ Martin A. Fitzpatrick
>  MARTIN A. FITZPATRICK
>  UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**